**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3193
_____

UNITED STATES OF AMERICA

v.

HASSAN THOMAS,
            Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cr-00033-001)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2015

Before: AMBRO and COWEN, <u>Circuit</u> <u>Judges</u>, and RESTANI,[*] <u>Judge</u>

(Opinion Filed: June 10, 2015)

_____

OPINION[**]
_____

---

[*] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTANI, <u>Judge</u>.

On September 9, 2003, Appellant Hassan Thomas pled guilty to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  After being resentenced several times when the sentencing guidelines for crack cocaine were amended, Thomas eventually was sentenced to 100 months' imprisonment and three years' supervised release.  Thomas' term of supervised release commenced January 9, 2012, and while on supervised release Thomas pled guilty in State court to simple assault, terroristic threats, and recklessly endangering another person.  He was sentenced in State court to eleven and a half months to twenty-three months' incarceration and served thirteen months.  At a hearing in which Thomas stipulated to violating the terms of his supervised release, the district court revoked Thomas' supervised release and sentenced him to a term of fourteen months' incarceration, to be followed by a new term of supervised release of four years.[1]  Thomas now challenges his sentence of the additional fourteen months' incarceration, asserting that the district court did not properly consider the 18 U.S.C. § 3553 factors in imposing his sentence and that his sentence is excessive.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and, for the following reasons, we will affirm.

The district court gave meaningful consideration to the § 3553(a) factors, as indicated when the district court judge commented on the severity of the underlying conduct, Thomas' attitude toward the victim and the court's authority, and the need not to

---

[1] Thomas' case was transferred from the Middle District of Pennsylvania to the Eastern District after Thomas was put on supervised release.

punish Thomas for the underlying conduct per se, but to vindicate the court's authority and punish Thomas for breaching the court's trust. Factoring into this decision was that, in addition to violating the conditions of release by committing another crime within a year of being released, Thomas also blatantly had flouted both the State court and federal magistrate judge's orders to have no contact with the complaining witness. The district court's analysis and consideration of the factors was sufficient. See United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329–30 (3d Cir. 2006).

When reviewing a sentence for substantive reasonableness, the court will not reverse "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Here, the sentence was both procedurally sound and substantively reasonable. Thomas's guideline range was from twenty-four to thirty months' imprisonment for the supervised release violation. The district court departed downward from that range by ten months even though the district court judge indicated that Thomas had failed to satisfy the court's expectations that Thomas would abide by the law, seek gainful employment, and reenter society successfully. That Thomas served time in state prison for some of the conduct underlying the violation of supervised release does not make the sentence excessive. The sentence did not exceed the guidelines, was not excessive, and was reasonable. See United States v. Bungar, 478 F.3d 540, 542–44 (3d Cir. 2007).

For these reasons, we will affirm.

3